UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YULANDER MCTIER,
    Plaintiff,

CASE NO.

v.

PACESETTER CLAIMS SERVICE, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, PACESETTER CLAIMS SERVICE, INC., ("Defendant"), by and through undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, and Title 28 of the United States Code §§ 1331, 1332, 1367, 1441, and 1446, hereby files this Notice of and Petition for Removal. Defendant requests that this Court remove the civil action filed by Plaintiff, YULANDER MCTIER ("Plaintiff"), in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. The grounds for removal of this civil action are set forth below.

**I.**    **INTRODUCTION**

On or about September 30, 2021, Plaintiff filed her Complaint ("Complaint") in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, bearing case name *Yulander McTier v. Pacesetter Claims Service, Inc.,* and case number 2021-022263-CA-01 (the "Circuit Court Case").

On October 12, 2021, Defendant was served with the Complaint and Summons. Copies of all process, pleadings and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a).

1

The United States District Court for the Southern District of Florida, Miami Division, encompasses the judicial district in which Plaintiff filed her Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

This Notice of and Petition for Removal has been filed within 30 days of Defendant's receipt of service of the Complaint in the Circuit Court Case on October 12, 2021. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

As discussed further below, this action is removable because there is original federal question jurisdiction, as well as complete diversity and the jurisdictional amount in controversy threshold is met.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

In her Complaint, Plaintiff seeks relief for alleged violations of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et. seq.* ("FCRA"), and retaliation in violation of 29 U.S.C. § 215(a)(3) of the Fair Labor Standards Act ("FLSA"). *See* Comp. Ex. "A," Compl. at ¶¶28-56. Plaintiff seeks damages under the FCRA and FLSA in the form of back pay, benefits' adjustment, prejudgment interest, compensatory damages, reinstatement of Plaintiff, and attorney's fees and costs. *See* Comp., Prayer for Relief, subparagraphs (b)-(e).

## II.     REMOVAL IS PROPER BASED ON FEDERAL QUESTIONS JURISDICTION

### A.     The Court Has Federal Question Jurisdiction Over Plaintiff's FLSA Retaliation Claim

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges a claim under the Fair Labor Standards Act ("FLSA") in Count IV of the Complaint. *See* Comp. Ex.

"A," Compl. at ¶¶ 57-61. Accordingly, this civil action is within the original federal question of the United States District Court and may be removed from state court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### B. The Court Has Supplemental Jurisdiction over Plaintiff's State Law Claims

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining state law claims alleged in Counts I, II, and III of the Complaint. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-743 (11th Cir. 2006) (cite omitted). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id.* at 743.

In this case, Plaintiff's claims under the FCRA arise from the same set of facts and circumstances as Plaintiff's FLSA claims, namely, the employment relationship between the parties. *See* Comp. Ex. A, Compl. at ¶¶ 5-38, 40-49, and 51-56. Simply put, both Plaintiff's FLSA and FCRA claims involve the same facts, the same occurrences, and generally the same evidence. As such, Plaintiff's state law claims are a part of the same case or controversy raised by Plaintiff's federal claims under the FLSA. Therefore, the Court has supplemental jurisdiction over these claims. *Parker*, 468 F.3d 733 at 743; 28 U.S.C. § 1367(a).

### III. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

#### A. Standard For Removal Based On Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Where the

3

basis for federal jurisdiction is diversity under § 1332, the removing party has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *See Wineberger v. RaceTrac Petroleum, Inc.*, 2015 U.S. Dist. LEXIS 5570, *4 (M.D. Fla. Jan. 16, 2015), *aff'd* 672 F. App'x 914 (11th Cir. 2016).

### B. The Parties Are Completely Diverse

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which they are domiciled, which is the state where the individual maintains their "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58 (internal quote and citation omitted).

In her Complaint, Plaintiff alleges that "[a]t all times material hereto, [she] was a resident of Miami-Dade County, Florida." *See* Comp. Ex. A, Compl. at ¶ 2. Accordingly, it is reasonably believed that Plaintiff is a citizen of the State of Florida.

A corporation is deemed a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Oklahoma, and maintains its principal place of business and corporate offices in Tulsa, Oklahoma and Catoosa, Oklahoma. *See* Declaration of Annie Hazzard in Support of Defendant's Notice of and Petition for Removal ("Hazzard Decl."), ¶ 12, attached hereto as **Exhibit B**. Defendant is, therefore, a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Accordingly, because Defendant is a citizen of the State of Oklahoma and Plaintiff is a citizen of the State of Florida, there is complete diversity of citizenship between the parties, and

Defendant has satisfied its burden of showing that there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (finding that a minimal showing of domicile and citizenship supports that diversity exists and removal is proper).

### C.     The Amount in Controversy Exceeds $75,000[1]

#### 1.     Legal Standard

In her four-count Complaint, Plaintiff alleges claims for the following categories of damages: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; (5) attorneys' fees and costs; and (6) such other relief as the Court deems just and proper. *See* Comp. Ex A, Compl. at "WHEREFORE" paragraphs, subparagraphs (b)-(e), following ¶¶ 38, 49, 56 and 61 of the Complaint.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all

---

[1] Defendant does not concede that Plaintiff will prevail in this civil action, or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

uncertainty about it." *Pretka*, 608 F.3d 744 at 754. While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka*, 608 F.3d at 752). The district court is permitted to accept the removing defendant's specific factual allegations establishing jurisdiction that are supported with evidence. *See Pretka*, 608 F.3d at 754. To satisfy its burden on removal, a defendant "need only prove the jurisdictional facts necessary to establish that…damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (emphasis added).[2]

### 2. Back Pay and Front Pay

Should Plaintiff prevail on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay, and front pay or reinstatement. § 760.11(5), Fla. Stat. A prevailing plaintiff under the FCRA is statutorily entitled to compensation for lost wages, or back pay. § 760.11(5), Fla. Stat.; *see also Gonzalez v. Honeywell Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5837, *4-5 (M.D. Fla. Jan. 17, 2017) (discussing back pay and front pay under the FCRA). "For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Deel v. Metromedia Rest. Servs.*, 2006 U.S. Dist. LEXIS 10174, *14 (N.D. Fla. Feb. 27, 2006); *see also Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *5.

---

[2] Moreover, in determining whether the amount in controversy exceeds $75,000, it must be presumed Plaintiff will prevail on her claim. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (amount in controversy analysis presumes plaintiff prevails on liability).

At the time of her separation of employment on January 24, 2020, Plaintiff was a full-time employee that generally worked a minimum of 40 hours a week, and was paid an hourly rate of $44.16. *See* Declaration of Annie Hazzard, ¶ 11. Plaintiff was also eligible to participate in a number of Defendant's employee benefits, including medical, dental, vision, 401 (k) plan, and life insurance. *Id.* When conservatively applied to an estimated trial date of November 15, 2022 (approximately 12 months from the date of removal), Plaintiff could be entitled to approximately 142 weeks of back wages, totaling approximately $250,828.80.[3]

Plaintiff can also recover front pay under the FCRA, which is usually the equivalent of one (1) year of lost wages. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *5-6. If awarded front pay, Plaintiff would be entitled to approximately $91,852.80[4] in additional front pay damages.

While Defendant maintains that Plaintiff should not receive any form of relief in this case, it remains that based on her minimum annual salary alone, the potential $250,828.80 back pay damages that Plaintiff put in controversy in this case exceeds the minimum jurisdictional threshold of $75,000. When the potential back pay damages are combined with front pay damages, the wage-based damages in this case total approximately $342,681.60. Therefore, the amount in controversy requirement is satisfied.

### 3. Compensatory Damages Calculations

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.*

---

[3] $44.16/hr x 40 hours/week = $1,766.40 x 142 weeks = $250,828.80.
[4] $44.16/hr x 40 hours/week = $1,7660.40 x 52 weeks = $91,852.80

For the purpose of estimating the amount in controversy, district courts have looked to compensatory damage awards in similar cases, including those brought under Title VII of the Civil Rights Act of 1964. *See, e.g., Simmons v. Wash. Mut. Fin., Inc.*, No. 8:06-CV-01613, 2007 WL 641101, at *1 (M.D. Fla. Feb. 26, 2007). While Defendant maintains that Plaintiff is not entitled to receive any damages, and denies being liable to Plaintiff in any way or for any amount, juries in Florida's U.S. District Courts have awarded compensatory damages in employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County,* No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Accordingly, it is reasonable to conclude that a modest award for compensatory damages of $20,000 - $30,000 in garden variety emotional distress should be taken into account in calculating the amount in controversy. *See Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J12HTS, 2007 WL 917354, at *6-*7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing compensatory damage awards in similar cases).

### 4. Punitive Damages Calculation

Under the FCRA, Plaintiff may be awarded punitive damages. § 760.11(5), Fla. Stat. Punitive damages are capped at $100,000. *Id.* Because Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the law, it is appropriate for the Court to include the full $100,000 amount authorized by the FCRA when calculating the amount in controversy. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

### 5. Attorney's Fees Calculations

An award of attorney's fees is permitted to the prevailing party under the FCRA and FLSA. Plaintiff requests such fees in her WHEREFORE paragraph, subparagraph (e) following Paragraphs 38 and 49 of the Complaint. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g. Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008); *Gavronsky*, 2010 U.S. Dist. LEXIS 24008 at *9; *Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *6 (M.D. Fla. Mar. 23, 2007).

Here, Plaintiff's counsel could be expected to expend at least one hundred twenty-five (125) hours prosecuting this action, which would include depositions of witnesses, drafting and answering discovery, time spent briefing oppositions to Defendant's anticipated dispositive motion, and preparing for and attending a 2-3 day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $31,250 in attorney's fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case through trial). To be certain, Defendant's use of a $250 hourly rate is also within the range of rates deemed reasonable in cases involving employment disputes. *See Holland*, 2012 U.S. Dist. LEXIS 164956 at *12-14 (collecting cases).

### 6. Final Calculation of Amount in Controversy

In demonstrating that the jurisdictional threshold is satisfied, Defendant does not imply or suggest that Plaintiff will prevail in this action or recover the amounts in controversy discussed above, or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 732 (11th Cir. 2014).

That said, Defendant has demonstrated that Plaintiff's claim for back wages alone exceeds the $75,000 amount in controversy requirement. When combined with Plaintiff's claim for compensatory damages and attorney's fees the amount in controversary clearly satisfies the $75,000 jurisdictional threshold needed to support removal. Therefore, Defendant has demonstrated that it is more probable than not that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

## IV.   VENUE

The United States District Court for the Southern District of Florida, Miami-Dade Division, includes the judicial circuit in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. §1446(a).[5]

## V.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

This Notice of and Petition for Removal has been filed within thirty (30) days of service of the Complaint. Accordingly, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. §1446(b).

---

[5] While removal to this Court is appropriate under the requirements of 28 U.S.C. §1446(a), Defendant does not waive or acquiesce that venue is proper in the Southern District of Florida, and reserves all rights and abilities to move for dismissal or transfer of this action to the Jacksonville Division of the Middle District of Florida.

Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Case are attached to this Notice of and Petition for Removal as Composite Exhibit "A," as required by 28 U.S.C. §1446(a).

Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide written notice of this removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

The evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Southern District of Florida, Miami Division, accept the removal of this action from the Circuit Court and direct that the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, have no further jurisdiction over this action.

DATED this 1st day of November 2021.

> Respectfully submitted,
>
> JACKSON LEWIS, P.C.
> 501 Riverside Avenue, Suite 902
> Jacksonville, Florida 32202
> Telephone: (904) 638-2655
> Facsimile: (904) 638-2656
> By:  */s/ B. Tyler White*
> B. Tyler White
> Florida Bar No. 0038213
> tyler.white@jacksonlewis.com
> Todd R. Dobry
> Florida Bar No. 109081
> todd.dobry@jacksonlewis.com
>
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed and served using the CM/ECF System, which will automatically give notice this 1st day of November 2021, to the following counsel of record:

Jason R. Remer
Daniel H. Hunt
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL  33130
jremer@rgpattorneys.com
dhunt@rgpattorneys.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ B. Tyler White*
　　　　　　　　　　　　　　　　　　　　Attorney